Michael Peffer (SBN: 192265)
Nilab Sharif (SBN: 231296)
PACIFIC JUSTICE INSTITUTE
2200 N. Grand Ave.
Santa Ana, CA 92704
Tel: (714) 796-7150
Email:  michaelpeffer@pji.org

Attorney for Plaintiff, FRANK MAROLDA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MAROLDA, an individual,<br><br>PLAINTIFF,<br><br>VS.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT (LAUSD), and DOES 1 to 100, inclusive,<br>DEFENDANTS. | CASE NO.:<br><br>**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.]**<br><br>**(DEMAND FOR JURY TRIAL)** |

## INTRODUCTION

Plaintiff, FRANK MAROLDA brings this action against LOS ANGELES UNIFIED SCHOOL DISTRICT ("LAUSD") a California Public entity. This action is based on violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et. seq.).

The gravamen of this Complaint is that the Defendant refused to accommodate, retaliated against, otherwise discriminated against, and subsequently terminated Plaintiff because he asked for accommodation to his religious beliefs. Defendant knew or should have reasonably known

- 1 -

VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]

that Mr. Marolda held religious beliefs because he asserted them. Defendant nevertheless failed to accommodate Mr. Marolda, and as a result, left him with no choice but to go on unpaid leave.

## JURISDICTION AND VENUE

1)      This Court has authority over this action pursuant to 28 U.S.C. § 1331, in federal questions raised under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This Court has supplemental authority over Plaintiff's related claims arising under corollary state anti-discrimination law pursuant to 28 U.S.C. § 1367(a).

2)      Venue is proper in the Central District of California under 42 U.S.C. § 2000e-5(f)(3), in that the Defendant maintains significant operations within the Central District of California. The location of the School District where the alleged unlawful employment practices took place is within the Central District of California. This case is appropriate for assignment to the Los Angeles Division. The Defendant is headquartered in Los Angeles, Los Angeles County, and the situs of the alleged unlawful employment practices took place at the Defendant's Los Angeles location.

## PARTIES

### PLAINTIFF

3)      At the time of his employment, Mr. Marolda was an employee of LAUSD and worked as an online City of Angels Virtual Academy 1 Special Education teacher. Mr. Marolda resided in Los Angeles County when he first began his employment and continues to reside in the County.

///

///

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

## DEFENDANT

4)      Upon information and belief, LAUSD is a public entity operating and headquartered in the city of Los Angeles, Los Angeles County, California.  LAUSD is a school district.  At the time of the events that gave rise to this Complaint, LAUSD employed Plaintiff as a special education teacher, and later as an online special education teacher in LAUSD's City of Angels Virtual Academy 1 program.

## __STATEMENT OF FACTS__

5)      Mr. Marolda began work at LAUSD in 2005.  He worked as a special education teacher.

6)      On or about August 13, 2021, LAUSD issued a COVID-19 Vaccine Mandate to all employees that did not allow for employees to work at any LAUSD location without being fully vaccinated by October 15, 2021.   The only exception is for employees who are able to work remotely.  LAUSD Vaccine Mandate provided employees the option to request a reasonable accommodation which would allow them to perform the essential functions of their job and, at the same time ensure the safety of employees and students.  Purportedly, the process requires employees to submit their sincerely held religious beliefs (SHRB) accommodation request in writing to the designated SHRB accommodation committee.  The committee then reviews the request and approves or denies the request on an individualized basis.  However, the process appears as if it may have been a sham process.

7)      On or about October 19, 2021, Mr. Marolda submitted his religious exemption request seeking an accommodation to the COVID-19 vaccine mandate to the SHRB accommodation committee.

- 3 -

8)       Mr. Marolda is a follower of the Christian faith.

9)       Mr. Marolda believes that his body belongs to God and is a temple of the Holy Spirit.

10)      Mr. Marolda believes that it is against his religion to ingest or inject his body with possible harmful substances.

11)      Mr. Marolda asserted his religious beliefs in his exemption request. Specifically in his October 19, 2021 religious request, he stated, "I believe as stated in the Holy Bible that the human body is sacred." He also cited 1 Corinthians 3:16, "Don't you know that you yourselves are God's temple and that God's Spirit dwells in your midst?" and 1 Corinthians 6:19-20, "Do you not know that your bodies are temples of the Holy Spirit, who is in you, whom you have received from God? You are not your own; you were bought at a price. Therefore, honor God with your bodies."

12)      After issuance of its vaccine mandate, LAUSD granted Mr. Marolda an accommodation which allowed him to teach classes virtually at the City of Angels Virtual Academy for the remainder of the 2021/2022 school year, resulting in no contact with students or staff.

13)      On or about May 26, 2022, Mr. Marolda had an interactive meeting with City of Angels Principal, Teresa Izquierdo, regarding his COVID-19 reasonable accommodation request for the 2022/2023 school year.

14)      On or about September 7, 2022, LAUSD's SHRB accommodation committee held an interactive process meeting (IP) with Mr. Marolda regarding his accommodation request. The accommodations discussed were for Mr. Marolda to be permitted to continue teaching

- 4 -

online at the City of Angels Virtual Academy or to be permitted to teach in person with the appropriate protective measures of masking, COVID-19 testing and social distancing.

15)      On or about September 15, 2022, LAUSD's SHRB accommodation committee issued a letter to Mr. Marolda regarding his accommodation request for the 2022/2023 school year. In its letter, LAUSD confirmed that the IP meeting was not held for the purpose of evaluating the sincerity of Mr. Marolda's religious beliefs or if his beliefs conflicted with LAUSD's vaccine mandate, but rather to discuss Mr. Marolda's proposed alternative accommodations. The letter further stated that as to Mr. Marolda's request to teach in person at a school site with appropriate protective measures, the District was not offering, as an accommodation, exemptions from the vaccine requirement (i.e. permitting work to be performed a District facility without vaccination). The letter also stated that Mr. Marolda's request to continue to teach remotely was denied. The reason given for the denial was that a decline in enrollment equated to a decline in teaching positions at City of Angels Virtual Academy for the 2022/2023 school year, no vacant virtual academy positions were available and it was not anticipated that there would be any vacancies in the fall. LAUSD invited Mr. Marolda to submit to the vaccination for in person teaching, retire, or take unpaid leave as an accommodation.

16)      Mr. Marolda was forced to choose between his sincerely held religious beliefs and accepting unpaid leave or retirement. Mr. Marolda chose not to take the COVID-19 vaccine and went on unpaid leave.

17)      Effective <u>September 17, 2022</u>, State Public Health Officer Dr. Tomás Aragón rescinded a public health order requiring that all school employees show proof of vaccination or be tested at least weekly. Teachers and other school staff who had not been vaccinated against

Covid-19 no longer had to be tested weekly to remain on campuses. However, LAUSD chose not rescind its employee vaccine mandate until September 26, <u>2023</u>.

18)     On or about October 2, 2023, Mr. Marolda decided to extend his unpaid leave until June 30, 2024.

19)     Mr. Marolda received his "Right to Sue" letter on December 27, 2023. A true and correct copy of the Right to Sue letter serves as "Exhibit A" to this Complaint.

20)     LAUSD was egregiously prejudicial against Mr. Marolda when it failed to follow its own SHRB guidelines, and indeed the Committee put in place to evaluate requests for exemptions based on SHRB of an employee, in fact, granted none.

21)     LAUSD further failed when it did not honor Mr. Marolda's religious exemption and refused to offer him weekly COVID testing, appropriate masking and social distancing as an alternative to the COVID-19 vaccine.

## FIRST CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e *et seq.*] Failure to Provide Religious Accommodation Against Defendant**

22)     PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

23)     Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), it is an unlawful employment practice for an employer: (1) to fail or refuse to hire or discharge any individual, or otherwise discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment, because of such individual's race,

color, religion, sex, or national origin; or (2) to limit, segregate, or classify his or her employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his or her status as an employee, because of such individual's race, color, religion, sex, or national origin.

24) A plaintiff can make out a prima facie case for failure to accommodate under Title VII by showing (1) he held a bona fide religious belief, the practice of which conflicted with an employment duty; (2) the employer took adverse action—including the refusal to hire—because of the plaintiff's inability to fulfill the job requirement; and (3) the plaintiff's religious practice was a motivating factor in the employer's decision. Chin et al., Cal. Prac. Guide: Employment Litigation (The Rutter Group 2019) ¶ 7:620; see also Abercrombie & Fitch, 575 U.S. at 775.

25) Mr. Marolda was at all times relevant herein an employee and applicant covered by U.S.C. § 2000e et seq.

26) Mr. Marolda held a deeply sincere religious objection to receiving the COVID-19 vaccine injection.

27) Mr. Marolda's accommodation was denied.

28) LAUSD did not attempt to and refused to accommodate Mr. Marolda with any of the recommended accommodations they provided in LAUSD Vaccine Mandate from August 13, 2021.

29) Therefore, Mr. Marolda's religious beliefs and practices were a motivating factor in his termination.

///

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

30)     PLAINTIFF suffered significant damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, pension, and the costs of bringing this action.

31)     LAUSD intentionally violated PLAINTIFF'S rights under Title VII with malice or reckless indifference.

32)     Mr. Marolda is entitled to backpay, front pay, restoration of pension benefits, compensatory damages, attorney's fees, costs of suit, a declaration that Defendant violated his rights under Title VII, and an injunction preventing Defendant from enforcing its discriminatory policies.

33)     Mr. Marolda is entitled to further relief as set forth below in his Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays this Court grant relief as follows:

A.     Award PLAINTIFF backpay, including past loss of wages and benefits, plus interest;

B.     Award PLAINTIFF his front pay, including future wages and restoration of pension benefits;

C.     Award PLAINTIFF other and further compensatory damages in an amount according to proof;

D.     Award PLAINTIFF noneconomic damages, including but not limited to mental health suffrage;

E.     Award PLAINTIFF his reasonable attorney's fees and costs of suit;

F.     Enjoin DEFENDANT from enforcing its discriminatory policies;

G.     Declare that DEFENDANT has violated Title VII of the Civil Rights Act; and

- 8 -

H.      Grant PLAINTIFF such additional or alternative relief as the Court deems just and proper.

DATED: 3/25/2024                          **PACIFIC JUSTICE INSTITUTE**

*Michael Peffer*

MICHAEL PEFFER, ESQ.,
Attorneys for Plaintiff, FRANK MAROLDA

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

## <u>DEMAND FOR JURY TRIAL</u>

    PLAINTIFF, FRANK MAROLDA hereby demands a jury trial in this matter.

DATED:   March 25, 2024        **PACIFIC JUSTICE INSTITUTE**

                                *Michael Peffer*
                        _____
                        MICHAEL PEFFER, ESQ.,
                        Attorneys for Plaintiff, FRANK MAROLDA

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

## **VERIFICATION**

I, FRANK MAROLDA, am the Plaintiff in the above-captioned matter. I have read the VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.] and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true. I declare under penalty of lying under oath, under the laws of the United States and the State of California, that the foregoing is true and correct. Executed this ___ day of March 2024, in the Los Angeles County, State of California.

FRANK MAROLDA

# VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.](DEMAND FOR JURY TRIAL)

Final Audit Report                                                    2024-03-23

| | |
|---|---|
| Created: | 2024-03-23 |
| By: | Michael Peffer (mpeffer@pji.org) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAz5uLuiAyCWcBygPfVL10tROGugRA1n4Q |

## "VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 200 0e et seq.](DEMAND FOR JURY TRIAL)" History

📄 Document created by Michael Peffer (mpeffer@pji.org)
2024-03-23 - 3:22:00 AM GMT- IP address: 172.112.212.111

📧 Document emailed to robmarolda@gmail.com for signature
2024-03-23 - 3:22:03 AM GMT

📄 Email viewed by robmarolda@gmail.com
2024-03-23 - 4:02:03 AM GMT- IP address: 66.249.84.71

✍ Signer robmarolda@gmail.com entered name at signing as Frank Marolda
2024-03-23 - 4:05:07 AM GMT- IP address: 66.27.80.252

✍ Document e-signed by Frank Marolda (robmarolda@gmail.com)
Signature Date: 2024-03-23 - 4:05:09 AM GMT - Time Source: server- IP address: 66.27.80.252

✅ Agreement completed.
2024-03-23 - 4:05:09 AM GMT

📎 **Adobe Acrobat Sign**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Los Angeles District Office**
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/27/2023

**To:** Mr. Frank R. Marolda
4650 Kester Ave #107
Sherman Oaks, CA 91403
Charge No: 480-2023-04245

EEOC Representative and email:  BRANDON MANCIA
EEOC INVESTIGATOR
BRANDON.MANCIA@EEOC.GOV

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Christine Park-Gonzalez
12/27/2023

Christine Park-Gonzalez
District Director

**Cc:**
Melissa A Espinoza
Los Angeles Unified School District-LAUSD
333 S Beaudry Avenue, 20 Floor
Los Angeles, CA 90017


Please retain this notice for your records.